DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Chap. Hill, Inc., ) | |
| ) | CASE NO. 5:07 CV 3797 |
| Debtor-Appellant, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| United States Trustee, ) | |
| ) | |
| Appellee. ) | |
| ) | |

The appellant-debtor (hereafter "debtor") filed a Chapter 11 proceeding in the United States Bankruptcy Court on November 2, 2007. Thereafter, the Bankruptcy Court converted the debtor's bankruptcy petition from a Chapter 11 to a Chapter 7 proceeding in a terse order dated and filed November 28, 2007, which declared:

> In accordance with the Court's oral opinion, rendered on November 28, 2007 and pursuant to 11 U.S.C. § 1112(b), United States Trustee's motion to convert this case to chapter 7 is hereby granted and the case is hereby converted. The United States Trustee is directed to act as soon as is practicable to appoint a chapter 7 panel trustee to administer this case.

(Doc. No. 1-4).

The debtor filed a Notice of Appeal on November 29, 2007 challenging the conversion. Notice of Referral to the Bankruptcy Appellate Panel was filed the same day. On December 12, 2007, the appeal was transferred to the District Court and the case was assigned to the undersigned judge.

(5:07 CV 3797)

On January 11, 2008, the debtor moved for a stay of the order converting the case from Chapter 11 to Chapter 7 or, in the alternative, for a stay of further administration of the Chapter 7 case pending appeal.  (See Doc. No. 9).  The motion for the alternative stay indicated that the appointed Chapter 7 Trustee had "recently filed a Notice of Intent to Sell Property and Motion to Sell Property Free and Clear of Lien, Claim or Other Interest in the bankruptcy court."  (Doc. No. 9, at 2-3).  The motion also reported that the Bankruptcy Court, on December 3, 2007, denied the debtor's motion to stay execution of the conversion order of November 28, 2007.  In support of the motion, the brief of the debtor argued that it had been denied due process in the proceedings that led to the conversion order.

This Court, out of an abundance of caution, filed an order on January 14, 2008, halting the proposed sale of debtor's property which had been scheduled for January 19, 2008.  The order also provided for a briefing schedule which extended into February.  (See Doc. No. 10).

On January 16, 2008, the Chapter 7 Trustee, Richard Wilson, filed a brief and affidavit (Doc. No. 11) which requested the right to proceed with the sale.  The affidavit states in its entirety as follows:

I, Richard A. Wilson, being first duly sworn, do depose and state:

1.  That I am the Chapter 7 trustee for the estate of Chap. Hill, Inc., having been designated trustee for the estate of Chap. Hill, Inc. pursuant to designation of the United States Trustee.

2.  The debtor, Chap. Hill, Inc., at the time of my designation of trustee, occupied 1700-1730 Brittain Road, a premises formerly occupied by Forest City and others, and comprising approximately 40,000 square feet of space.

2

(5:07 CV 3797)

    3. That after Forest City had occupied the premises, it was occupied by Office Depot under a lease with the owners whereunder Office Depot paid in excess of $25,000 per month.

    4. The premises was thereupon subleased by Office Depot to the debtor, Chap. Hill, Inc. Chap. Hill, Inc. entered into a lease for the same term as the remaining term of Office Depot's lease with the owner of the property.

    5. That the amount to be paid by the debtor, Chap. Hill, Inc. was approximately $6,500 and, during the term of the remaining lease, Office Depot was obligated to pay the additional amounts due under its lease with the owner.

    6. That the lease and sublease expired on December 31, 2007.

    7. That both Office Depot and Chap. Hill, Inc./Richard A. Wilson, Trustee are holdover tenants in said property. Pursuant to the terms of the lease between the landowner and Office Depot, a holdover tenant's rent is increased to double the amount of its previous occupancy and, under contract, a claim has been asserted by the landowner for $50,000.

    8. The landowner, pursuant to negotiation with Office Depot and the trustee, agreed to reduce its claim for rent for the month of January 2008 to the normal contractual amount of $25,000. In connection with those negotiations, the trustee represented that he would conduct an auction sale before the end of January 2008 to enable Office Depot to regain possession of the property so that an additional month of rental obligation would not be incurred.

    9. Office Depot has asserted an administrative claim against the estate for whatever amounts of rent and utilities or other expense it may incur in connection with the occupation of 1700-1730 Brittain Road, Akron, Ohio by the debtor and the trustee.

    10. That the trustee employed an auctioneer and such auctioneer has advertised such property for sale by auction sale to occur on the 19th day of January 2008.

    11. That the trustee is incurring expenses for utilities, for heating a building of approximately 40,000 square feet or more, and will have to reimburse the auctioneer for the expenses of advertising.

    12. That an issue will be promptly brought to the attention of the bankruptcy court concerning stay for relief for Office Depot to dispossess the

(5:07 CV 3797)

>trustee from his possession of the premises known as 1700-1730 Brittain Road, Akron, Ohio.
>
>13. That the estate will be rendered administratively insolvent if it is required to be liable for another month's rent and additional expenses associated with its occupation of the property since the auctioneer projects that the gross sales will total only approximately $40,000 to $50,000.
>
>14. That the trustee has made inquiry into moving the furniture but believes that it will cost approximately $10,000 to $15,000 and will potentially result in damage to such furniture and will further obligate the estate to storage expense.
>
>15. That the trustee will, further, not be able to sell such furniture in an area such as the store it currently occupies, but will be required to sell it in much less desirable circumstances.
>
>16. That, in the opinion of the trustee, the auction sale, if it should not go forward, will result in irreparable and substantial harm to the estate and its creditors.

(Doc. No. 11, at 4-5).

The Court followed on January 17, 2008 with a subsequent order which stated in its entirety as follows:

>On January 14, 2008, on the debtor's motion, the Court stayed the public auction which had been set for January 19, 2008 and set a briefing schedule with respect to whether all bankruptcy proceedings should be stayed pending this appeal. That schedule would have had the question at issue on January 30, 2008. See Doc. No. 10.
>
>The Court now has the motion of the Chapter 7 Trustee for leave to file a brief on the stay issue. In the motion and accompanying affidavit, the Chapter 7 Trustee indicates that the debtor did not serve the Chapter 7 Trustee with its motion to stay the bankruptcy proceedings. In the Court's view, this failure to serve is inexplicable and inexcusable.
>
>The Chapter 7 Trustee's affidavit also makes clear to the Court that a delay of the public auction until after the end of January has the potential to seriously harm the bankruptcy estate and the creditors. The Court is, therefore,

(5:07 CV 3797)

> *considering* allowing the public auction to proceed on or before January 26, 2008. In anticipation of that possibility, the Court now **vacates** its prior briefing schedule and orders that any party, i.e., the debtor-appellant, the Region 9 U.S. Trustee, and/or the Chapter 7 Trustee, who wishes to weigh in on whether the bankruptcy proceedings should be stayed until the instant case is resolved shall do so by no later than **noon on Tuesday, January 22, 2008**.  The Court will thereafter promptly decide the motion so that, in the event a public auction does occur, it can take place before the end of January 2008.

(Doc. No. 12) (footnote omitted; emphasis in original).  The parties have filed briefs and supplements.  (See Doc. Nos. 13, 14, 15).

As the Court awaited further briefing, it noted that it has *never* been supplied with a copy of the Bankruptcy Court's oral opinion to which reference was made in the conversion order of November 28, 2007.  The Court acknowledges that the record does include Doc. No. 8, which is a collection of exhibits apparently presented to the Bankruptcy Court and which includes newspaper advertisements indicating that the debtor was going out of business.  (See Doc. No. 8, pp. 4, 5). Doc. No. 8 also includes a record of proceedings in the Summit County Common Pleas Court in its Case No. 07 03 2270 on November 1, 2007, the day before the Chapter 11 action was filed;  this record demonstrates that Office Depot had filed an eviction action and that the parties had reached a settlement resolving the eviction action and settled Office Depot's claim for monies owed.

In deciding whether to grant a stay pending appeal from a bankruptcy court order, the Court considers the following factors: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and

5

(5:07 CV 3797)

(4) the public interest in granting the stay." *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).[1]

It is virtually impossible for this Court to determine debtor's likelihood of prevailing on appeal, in view of the absence of a record presented by the debtor setting forth the oral opinion of the Bankruptcy Court supporting the decision to convert (a responsibility of the debtor, as the appellant).  However, the Court notes that deference is generally to be accorded the Bankruptcy Court when it orders a conversion from Chapter 11 to Chapter 7.[2]  Further, this Court agrees with the Bankruptcy Court that there is no proof that the debtor will be harmed absent a stay since it was already engaged in a going-out-of-business sale when the bankruptcy petition was filed.  The other factors weigh in favor of the Trustee.  The affidavit of the Chapter 7 Trustee clearly demonstrates the need to proceed with the sale forthwith or cause serious harm to the estate and to its creditors.  In fact, there may already be quite serious harm caused by this Court's brief delay of the January 19, 2008 sale, harm which should not be exacerbated by further delay.

The Court determines that the debtor cannot establish the four factors and hereby denies the motions of the debtor (Doc. Nos. 9, 14) to stay the order of conversion pending appeal and also denies the motion for a stay of further administration of Chapter 7 pending the appeal.

---

[1] The Bankruptcy Court examined these same factors when it denied the motion for stay filed in that court.

[2] "In determining whether to convert a case to Chapter 7 under [11 U.S.C. § 1112(b)], the bankruptcy court is afforded wide discretion to determine if cause exists and how to ultimately dispose of the case." *Fishell v. United States Trustee*, 19 F.3d 18 (6th Cir. March 1, 1994) (Table, Text in Westlaw, No. 93-1182) (citing *In the Matter of Koerner*, 800 F.2d 1358, 1367 (5th Cir.1986)).

```
```

(5:07 CV 3797)

The Court's prior order (Doc. No. 10) staying the sale of the property of the debtor is vacated.

The Clerk is directed to deliver a copy of this order to the Bankruptcy Clerk in Akron forthwith.

IT IS SO ORDERED.

  January 22, 2008                                  *s/ David D. Dowd, Jr.*
Date                                                 David D. Dowd, Jr.
                                                                  U.S. District Judge